UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LANCE TERRELL<br>*Plaintiff*<br><br>v.<br><br>OZARK CAPITAL<br>CORPORATION,<br>*Defendant* | §<br>§<br>§<br>§   No.  1:22-CV-01304-DH<br>§<br>§<br>§<br>§ |

**ORDER**

Before the Court is Defendant Ozark Capital Corporation's Motion for Summary Judgment, Dkt. 22; and all related briefing. After reviewing these filings, and the relevant case law, the Court grants Ozark's motion.

**I.     BACKGROUND**

This suit arises from a dispute between Plaintiff Lance Terrell and Ozark concerning Terrell's default on a loan taken in 2016 from Amplify Federal Credit Union. Dkt 1, at 2. Terrell made his last payment on the loan on February 3, 2018. *Id.* After Terrell defaulted, the loan was sold to Ozark. *Id.* at 3. Ozark "sued Terrell to collect $10,573.47, plus interest, attorney's fees, and court costs" on April 20, 2022, in Travis County Justice of the Peace Court 2. *Id.* The case was tried and Terrell prevailed. *Id.* at 3.[1]

Terrell now brings this action under the Fair Debt Collection Practices Act ("FDCPA"), and the Texas Debt Collection Act ("TDCA") alleging that Ozark

---

[1] The civil case against Terrell in Travis County is styled *Ozark Corporation vs. Lance A. Terell,* No. J2-CV-22-001856 (JP2, Travis Cnty., Tex.).

1

commenced an action against him to collect the debt after the expiration of the applicable limitations period and attempted to collect a debt that was not judicially enforceable *Id*. Terrell seeks "actual damages, statutory damages, injunctive relief, costs and a reasonable attorneys' fee" for Ozark's alleged violations. *Id*. at 1, 4.

Ozark moves for summary judgment on Terrell's claims arguing that the promissory note at issue was a negotiable instrument under § 3.104(a) of the Texas Business and Commerce Code, and that the "the applicable statute of limitations is six years." Dkt. 22, at 1. Thus, "[Ozark]'s state court action on the promissory note was timely filed[.]" *Id*. Terrell responds that promissory note was a nonnegotiable instrument "subject to a four-year statute of limitations and … was judicially unenforceable when Ozark sued" because the promissory note does not meet the sum-certain and unconditional-promise requirements of negotiable instruments under the Texas Business and Commerce Code. Dkt 24, at 1.

## II.     LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is

required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise way that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. DISCUSSION

The issue before the Court is whether the promissory note creating the debt was a negotiable instrument subject to a six-year statute of limitations period.

A negotiable instrument is "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order," upon demand or at a definite time and is payable to order or to bearer. Tex. Bus. & Com. Code § 3.104(a). "The negotiability of an instrument is a question of law." *Bank of Am., N.A. v. Alta Logistics, Inc.,* No. 05-13-01633-CV, 2015 WL 505373, at *2 (Tex. App.—Dallas Feb. 6, 2015, no pet.). A promise is unconditional unless it states an express condition to payment, that the promise or order is subject to or governed by another record, or that rights or obligations with respect to the promise or order are stated in another record. Tex. Bus. & Com. Code § 3.106(a).

The fixed-amount or sum certain requirement is designed to provide commercial certainty in the transfer of negotiable instruments and to make negotiable instruments the functional equivalent of money. *Amberboy v. Societe de Banque Privee*, 831 S.W.2d 793, 797 (Tex. 1992); *Wiggins v. Janousek*, No. 14-16-00801-CV, 2017 WL 3301395, at *3 (Tex. App.—Houston [14th Dist.] Aug. 3, 2017, no pet.) (mem. op.). This requirement is not satisfied if "one cannot determine from the face of [the] note the extent of the maker's liability." *FFP Mktg. Co. v. Long Lane Master Tr., IV*, 169 S.W.3d 402, 408 (Tex. App.—Fort Worth 2005, no pet.). The sum certain requirement applies only to the note's principal. Tex. Bus. & Com. Code § 3.112 cmt. 1; *see also Wiggins*, 2017 WL 3301395, at *3.

4

Terrell and Ozark dispute whether the promissory note satisfies the unconditional promise requirement and the sum certain requirement. Dkt. 24, at 3. The specific clauses at issue are:

> **3. INTEREST**. Interest will be charged on the unpaid balance of Your loan at the Simple Interest Rate (or at a rate computed according to the Unperfected Collateral Rate provision) designated in this Agreement until Your balance is paid in full. Any payment may be made early without penalty, and any early payments will have the result of reducing the total amount of interest paid. Any payment made after the due date will have the result of increasing the total amount of interest paid. …
>
> **8. DEFAULT.** Your loan shall be in default if any of the following occurs (a) You do not make any payment or perform any obligation under this Agreement or any other Agreement that You may have with the Credit Union[.]

Dkt. 22-1, at 3.

### A. Unconditional-Promise Requirement

Terrell argues that the default clause imposes a condition on his promise to pay because it premises default on obligations he may have under the promissory note "or any other Agreement that [he] may have with the [creditor]." Dkt. 24, at 3.

Section 3.106 governing negotiable instruments states that "a promise or order is unconditional unless it states (i) an express condition to payment, (ii) that the promise or order is subject to or governed by another record, or (iii) that rights or obligations with respect to the promise or order are stated in another record." Tex. Bus. & Com. Code § 3.106(a).

5

As an initial matter, Terrell does not argue nor present evidence of any other agreement with the creditor or any other party that may govern his promise or obligations with respect to the promissory note. Further, a mere "reference to another record does not of itself make the promise … conditional." *Id.*; *see Santos v. Yellowfin Loan Servicing Corp.*, No. 14-21-00151-CV, 2022 WL 2678846 at *3 (Tex. App.—Houston [14th Dist.] July 12, 2022, pet. filed) (mem. op.) (finding language stating default may occur if the debtor failed to keep any of her agreements "under this note or any other agreement with the [lender]" did not render the agreement nonnegotiable); *Smith v. Yellowfin Loan Servicing Corp.*, No. 05-21-00306-CV, 2023 WL 2596070 at *3-4 (Tex. App.—Dallas Mar. 22, 2023, no pet.) (relying on *Santos* finding that note with similar terms was negotiable because reference to another record did not in and of itself render the promise conditional).

The undersigned finds that the default provision does not render the promissory note nonnegotiable.

**B.     Sum-Certain Requirement**

Terrell argues that the contract does not meet the sum-certain requirement because it "allows for partial prepayment of principal." Dkt 24, at 4. Terrell states that the promissory note language is ambiguous as to how prepayments are applied to the principal and interest and that, as a result, early payments could result in the debt being paid off sooner than anticipated by the loan schedule. *Id*. at 5. Because potential future purchasers of the note would have to consult payment receipts and could not rely on the payment schedule alone to ascertain the amount of debt left, the

6

extent of liability would not be readily apparent for the purposes of the sum certain requirement. *Id.*

No court has held that the inclusion of discretionary prepayment clause renders a promissory note nonnegotiable for lack of a sum certain. Each of the cases contemplating prepayment clauses has done so in the context of determining whether a requirement that the debtor notify the lender of prepayment constitutes an express condition of payment. *See Thompson v. Yellowfin Loan Servicing Corp.*, No. 01-21-00147-CV, 2023 WL 17492, at *4 (Tex. App.—Houston [1st Dist.] Jan. 3, 2023, no pet.) (examining whether promissory note's requirement that debtor provide written notice of prepayment to lender renders the note nonnegotiable); *Tapia v. Collins Asset Group, LLC*, No. 02-20-00129-CV, 2022 WL 325392, at *4 (Tex. App.—Fort Worth Feb. 3, 2022, no pet.) (mem. op.) (examining whether the "general requirement that a maker give written notice of any principal prepayment is not a negotiability-destroying other undertaking"); *In re Walker*, 466 B.R. 271, 283 (Bankr. E.D. Pa. 2012) (rejecting debtor's assertion that obligation to give noteholder notice of principal prepayment made note nonnegotiable, and quoting *HSBC Bank USA, N.A. v. Gouda*, 2010 WL 5128666, at *3 (N.J. Super. App. Div. Dec. 17, 2010) (per curiam), *certification denied*, 17 A.3d 1245 (N.J. 2011)); *see also Brichant v. Wells Fargo Bank, N.A.*, No. 3:12-cv-0285, 2014 WL 11515845, at *4 (M.D. Tenn. Feb. 24, 2014) (collecting cases from other jurisdictions rejecting idea that having to give written notice of principal prepayment is an "additional undertaking").

By way of example, in *Tapia* and *Thompson* the courts rejected the argument that requiring notice of prepayment rendered the promissory note nonnegotiable and ultimately found that the promissory notes at issue were negotiable instruments. Each court's holding rested on the principle that "prepayment was an option wholly within the borrower's control to exercise." *Thompson*, 2023 WL 17492, at *4; *Tapia*, 2022 WL 325392, at *4 (finding debtor's ability to prepay a loan is a discretionary benefit, not a burden). It stands to reason that, if written notice requirements with respect to prepayment clauses don't render promissory notes nonnegotiable, the prepayment clauses themselves do not render promissory notes nonnegotiable.

As to Terrell's argument that the prepayment option makes it so that the amount of debt owed is not readily ascertainable also fails. The promissory note unambiguously states that Terrell borrowed $15,000 and that the loan is payable in 60 monthly installments beginning May 3, 2016, and ending April 3, 2021, until paid in full. Dkt. 22-1, at 2. Texas courts have found agreements such as this are sum certain notes payable at a definite time. *See Patel v. Chaudhari,* No. 01-22-00187-CV, 2023 WL 4937056, at *11 (Tex. App.—Houston [1st Dist.] Aug. 3, 2023, no pet.) (finding that promissory note concerning $250,000 loan stating it is payable each month starting on a fixed date was a negotiable instrument). Also, the Texas Business and Commerce Code anticipates that negotiable instruments are subject to payment plans since the Code allows holders of negotiable instruments to receive payments under the note. Tex. Bus. & Com. Code § 3.301.

As to the certainty of the amount of debt, the promissory note states when payments of $333.63 were to begin, lists the annual interest rate, and the total of the interest plus the principle. Dkt. 22-1, at 2. This information along with the fact that Terrell made his last payment on February 3, 2018, make the amount of principle due determinable on the face of the promissory note. Terrell does not claim to have made any advance payments that might call the remaining amount of debt into question.

The undersigned finds that the promissory note meets the sum certain and unconditional promise requirements of a negotiable instrument. Because the promissory note is negotiable, the UCC governs, and the six-year statute of limitations to enforce the note set out in Section 3.118(a) applies. *See* Tex. Bus. & Com. Code § 3.118(a); *Ward v. Stanford*, 443 S.W.3d 334, 343 (Tex. App.—Dallas 2014, pet. denied) (stating that if note was negotiable instrument, party had six years to sue maker for failure to pay).

The applicable six-year statute of limitations period had not expired when Ozark filed its state court action on April 20, 2022, and the debt was judicially enforceable. Terrell, therefore, cannot meet an essential element of his FDCPA and TDCA claims for commencement of an action against him to collect a debt after the expiration of the applicable limitations period and collection of a debt that was not judicially enforceable. Dkt. 1, at 3. Summary judgment is granted in Ozark's favor and Terrell's FDCPA and TDCA claim is dismissed.

## IV. ORDER

The Court **GRANTS** Ozark's motion, Dkt. 22, and **ORDERS** that Terrell's complaint pursuant to the FDCPA and TDCA is **DISMISSED**. Final judgment shall issue.

SIGNED August 16, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE